IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO LANDAVERDE CRUZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:16cv568-MHT |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on Antonio Landaverde Cruz's construed motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. No. 2. For the reasons that follow, the magistrate judge finds Landaverde-Cruz's § 2255 motion should be denied and this case dismissed with prejudice.

### I.  BACKGROUND

On October 29, 2014, Landaverde-Cruz pleaded guilty to one count of illegal reentry after his 2005 deportation following his 2003 Alabama conviction for an aggravated felony (trafficking in methamphetamine), in violation of 8 U.S.C. § 1326(a) & (b)(2). Landaverde-Cruz's presentence investigation report ("PSI") noted that his 2003 conviction for trafficking in methamphetamine triggered a 16-level specific offense characteristic enhancement to his offense level under U.S.S.G. § 2L1.2(b)(1)(A)(i).[1] Doc.

---

[1] Under § 2L1.2(b)(1)(A)(i), an illegal reentry defendant receives a 16-level increase in his offense level if he was previously deported after he was convicted of a "drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A)(i). (Landaverde-Cruz was sentenced to 15 years' imprisonment for his drug trafficking conviction.) The commentary to U.S.S.G. § 2L1.2 defines a "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture,

No. 8-2 at 4, ¶ 13.  Landaverde-Cruz faced a Sentencing Guidelines range of 57 to 71 months.  *Id.* at 13, ¶ 56.  On March 17, 2015, the district court imposed a sentence of 57 months' imprisonment.

Landaverde-Cruz appealed, asserting claims that (1) the district court erred when it increased his offense level by 16 levels under U.S.S.G. § 2L1.2(b)(1)(A)(i), based on his 2003 conviction for trafficking in methamphetamine; and (2) the district court violated his right to due process by considering the government's unproven proffer that he had an outstanding arrest warrant in Florida for his alleged participation in a 2011 methamphetamine sale.  On October 19, 2015, the Eleventh Circuit issued an unpublished opinion rejecting Landaverde-Cruz's claims for relief and affirming his conviction and sentence.  *United States v. Landaverde-Cruz*, 629 F. App'x 854 (11th Cir. 2015).

On about June 9, 2016, Landaverde-Cruz, acting *pro se* at the time, sent a letter-motion to this court essentially reasserting the claims he raised on appeal and also seeking a sentence reduction based on the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).  Doc. No. 2.

Because Landaverde-Cruz's letter-motion presented claims attacking his sentence, this court found it should be treated as a motion for relief under 28 U.S.C. § 2255.  A "*Castro* order" was entered[2] notifying Landaverde-Cruz that his letter-motion was

---

import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. n.1(B)(iv).

[2] *See Castro v. United States*, 540 U.S. 375 (2003).

recharacterized as a § 2255 motion and warning him that this meant any subsequent § 2255 motions would be subject to the restrictions on "second or successive" motions. Doc. No. 3. The order also gave Landaverde-Cruz an opportunity to withdraw his motion, or amend it so it contained all the § 2255 claims he wanted to assert. *Id.* The court entered a separate order appointing the Federal Defender to represent Landaverde-Cruz regarding his attempt to obtain relief under *Johnson v. United States*. Doc. No. 4. Landaverde-Cruz filed no response to the court's *Castro* order. Thus, this case is before the court on the three claims in Landaverde-Cruz's construed § 2255 motion.

## II.   DISCUSSION

### A.   Claims Already Decided on Direct Appeal

Landaverde-Cruz claims that (1) the district court erred when it increased his offense level by 16 levels under U.S.S.G. § 2L1.2(b)(1)(A)(i) based on his 2003 conviction for trafficking in methamphetamine, and (2) the district court violated his right to due process by considering the government's unproven proffer that he had an outstanding arrest warrant in Florida for his alleged participation in a 2011 methamphetamine sale. Doc. No. 2.

Landaverde-Cruz asserted these same claims on direct appeal, where they were considered and denied on the merits by the Eleventh Circuit Court of Appeals. *See* 629 F. App'x 854. "The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *see also United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). If a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255. *Nyhuis*, 211 F.3d at 1343. Furthermore,

"[a] rejected claim does not merit rehearing on a different, but previously available, legal theory." *Id*. Because the Eleventh Circuit has already rejected these claims by Landaverde-Cruz, they cannot be relitigated in this § 2255 action.

**B.     Claim Under *Johnson* and *Welch***

Landaverde-Cruz also seeks a sentence reduction based on the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Doc. No. 2. However, he doesn't say why these decisions entitle him to a sentence reduction.

In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's ("ACCA") residual clause—which included in the definition of "violent felony" any offense that "otherwise involves conduct that presents a serious potential rise of physical injury to another"—was unconstitutionally vague.[3] 135 S. Ct. at 2557. Based on that holding, the Court concluded that "imposing an increased [ACCA] sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Id*. at 2563. In *Welch*, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. *See* 136 S. Ct. at 1268.

As a result of *Johnson* (and *Welch*), inmates sentenced as armed career criminals based on prior convictions deemed violent felonies under the ACCA's residual clause were allowed to challenge their sentences through § 2255 motions. More recently, in *Beckles v.*

---

[3] Under the ACCA, a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" or a serious drug offense is subject to a mandatory minimum sentence of fifteen years' imprisonment. *See* U.S.C. § 924(e)(1).

*United States*, 137 S.Ct. 886 (2017), the Supreme Court held that the Sentencing Guidelines are not subject to vagueness challenges like the one applied to the ACCA's residual clause in *Johnson*. 137 S.Ct. at 890. The *Beckles* court reasoned that, "[u]nlike the ACCA . . . the advisory [Sentencing] Guidelines do not fix the permissible range. . . . [T]hey merely guide the exercise of a court's discretion in choosing an appropriate sentence within a statutory range." *Id*. at 892. The Court further reasoned that, unlike the ACCA, the Sentencing Guidelines "do not implicate the twin concerns underlying the vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id*. at at 894. Thus, the holding in *Beckles* forecloses any attempt by Landaverde-Cruz to rely on *Johnson* and *Welch* to challenge the use of his 2003 conviction for trafficking in methamphetamine as a basis for the 16-level enhancement under § 2L1.2(b)(1)(A)(i) of the Sentencing Guidelines—if this indeed is the basis for Landaverde-Cruz's attempt to seek relief under *Johnson* and *Welch*.

Further, Landaverde-Cruz's § 2L1.2(b)(1)(A)(i) enhancement was not based on any residual clause-type provision, whether in the ACCA (which did not apply to Landaverde-Cruz) or in the Sentencing Guidelines. Landaverde-Cruz's § 2L1.2(b)(1)(A)(i) enhancement was based entirely on the fact of his prior drug trafficking conviction. *Johnson* and *Welch* in no way implicated or invalidated the § 2L1.2(b)(1)(A)(i) enhancement as it relates to drug trafficking convictions. Landaverde-Cruz shows no basis for relief on a *Johnson/Welch* claim.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the §2255 be denied and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before **August 1, 2018**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 16th day of July, 2018.

          /s/Terry F. Moorer
          TERRY F. MOORER
          UNITED STATES MAGISTRATE JUDGE